Martin S. Cooper, Esq. General Counsel Urban Development Corporation
This is in response to your request for my opinion as to whether the provisions of Public Officers Law, §§ 73 and 74 are violated by the following circumstances:
1. Richard A. Kahan, President and Chief Executive Officer Designate of UDC since June 29, 1978, has also served ex officio as President of Battery Park City Authority (BPCA) since January 3, 1979. BPCA anticipates financing and otherwise participating in the development of residential and commercial projects during the course of development of the Battery Park City site. These activities may involve the participation of Mr. Samuel J. Lefrak and/or Mr. Lester Fisher or an entity controlled by one or both of them as developer, contractor, operator and/or equity investor.
2. Between February 1973 and August 1976, Mr. Kahan was employed by Lefrak Organization, a corporation controlled by Mr. Lefrak. Between July 1973 and August 1976, he was employed by Battery Park City Housing Co., a joint venture of Lefrak Organization and Fisher Brothers, an organization controlled by Mr. Fisher and others. Mr. Kahan has never had any ownership or other interest in either organization (except his prior employment); and since August 1976 he has had no employment or other association with those organizations.
3. During his prior employment Mr. Kahan was project manager for the initial stages of development of a residential project at Battery Park City. In January 1979 Mr. Kahan and his fellow members of the Authority were confronted with the necessity for a prompt decision whether to approve the "Pod 3" housing development project which had been negotiated over a period of time by the Authority's former Chairman, Charles J. Urstadt. At the first meeting to consider the Pod 3 matter after the new members took office Mr. Kahan stated for the record "that he would not participate in discussions by the members relating thereto or in any other aspect of the negotiations with the Developer of Pod 3." Similarly, we are advised that he has taken no part in subsequent analyses and negotiations involving the project.
I do not believe that the above circumstances disclose any violation of sections 73 or 74 of the Public Officers Law. Section 73 appears not to be applicable at all. Section 74 would be violated only if there were some indication of an "impression" that another "person can improperly influence him or unduly enjoy his favor in the performance of his offical duties" (Public Officers law, § 74(f) or if there were evidence of a "course of conduct" which would "raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust" (Public Officers Law, § 74(h)).
On the basis of the information available to me, I conclude that there is no violation of these or any other provisions of the Public Officers Law. Mr. Kahan left the employ of the contract applicants more than two years before he assumed his public responsibilities. He did everything possible to disengage himself from involvement in matters involving his former employers, thus avoiding even the appearance of impropriety.